JAMES A. BALLARD v. BENJAMIN FRANKLIN, TRUSTEE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—616.]

**Necessary Parties to an Action.**

Where the record on appeal shows that the wife had an interest in certain real estate sought to be subjected to the payment of her husband's debts, she is a necessary and proper party to the action; and where she is not made a party it is not error for the court to dismiss the action as to such land.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

February 4, 1882.

OPINION BY JUDGE LEWIS:

As it appears from the record that Mrs. Franklin had such an interest in a part of the 27½ acres of land sought to be subjected to the payment of her husband's debts as made her a necessary and proper party to appellant's cross-petition, the court below did not err in dismissing it as to that land, she not having been made a party thereto or served with process.

Independent of the finding and the report of the facts by the

master commissioner, and the judgment of the court confirming that report, we would have little difficulty in concluding from the evidence in this case that the debt which Franklin owed to Mason was paid to Bicgerstaff, the administrator, by appellant, not with his own but with Franklin's money, and that the court properly rejected his claim for $375.25.

There is no other reason suggested for giving to Fisk two notes for the money borrowed instead of one, nor why appellant should have increased his liability as Franklin's surety beyond what was necessary to pay his own debt against Franklin, than that the $300 excess was to be used to discharge the Mason debt upon which appellant was surety for Franklin. Franklin swears distinctly and unequivocally that it was received by appellant to be so used, while to direct questions on the subject appellant's answers are evasive and unsatisfactory.

We do not perceive any error in the report of the commissioner, in respect to the personal property sought to be subjected, that is not mentioned in the deed of assignment.

Wherefore the judgment is *affirmed*.

*John Bennett, Rankin Mason, for appellant.*

*C. F. & A. R. Burnam, for appellees.*